1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR16-0287JLR |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| HECTOR HUGO GARCIA GUTIERREZ, | |
| Defendant. | |

## I.  INTRODUCTION

Before the court is Defendant Hector Hugo Garcia Gutierrez's motion for a reduction in sentence pursuant to 18 U.S.C. § 3852(c)(2) and Amendment 821 to the United States Sentencing Guidelines (the "Guidelines").  (Mot. (Dkt. # 977).)  Plaintiff the United States of America (the "Government") opposes the motion.  (Resp. (Dkt. # 985).)  The court has considered the motion, the parties' submissions, the relevant

//

ORDER - 1

portions of the record, and the applicable law.  Being fully advised, the court DENIES Mr. Gutierrez's motion.

## II.   BACKGROUND

In 2016, Mr. Gutierrez and 16 co-defendants were charged in connection with an organized crime ring involving the distribution of methamphetamine, heroin, and cocaine.  (PSR (Dkt. # 745) at 4.)  Mr. Gutierrez pleaded guilty to 13 charges:  one count of conspiracy to distribute controlled substances, one count of money laundering, four counts of specific acts of drug distribution, and seven counts of possession with intent to distribute.  (*Id.*; *see also* 9/5/17 Min. Entry (Dkt. # 526); Plea Statement (Dkt. # 527).)

United States Probation and Pretrial Services ("Probation") calculated Mr. Gutierrez's base offense level as 36 and recommended a two-point adjustment for his possession of a weapon, resulting in a total offense level of 38.  (PSR at 13-14.)  Because Mr. Gutierrez had three prior federal convictions for illegal entry, he scored five criminal history points and Probation calculated his criminal history category as III.  (*Id.* at 14.)  This produced a guideline range of 292 to 365 months.  (*Id.* at 17.)

At sentencing on January 8, 2018, the court adopted the presentence investigation report with change.  (SOR (Dkt. # 991) at 1.)  The court found the two-point firearms adjustment did not apply, reducing the total offense level to 36 and producing a guideline range of 235 to 293 months.  (*Id.*)  The court then sentenced Mr. Gutierrez to 144 months—a significant downward departure from the guideline range.  (*Id.*; *see also* 1/8/18 Min. Entry (Dkt. # 760).)  Mr. Gutierrez continues to serve this sentence.

//

### III.   ANALYSIS

18 U.S.C. § 3852(c)(2) permits a court to reduce a term of imprisonment if the sentence was based on a sentencing range subsequently lowered by the United States Sentencing Commission.  Mr. Gutierrez argues that he is entitled to a reduction in sentence under Section 3852(c)(2) via Amendment 821, Part A, which limits the overall criminal history impact of "status points," and Part B, which provides for a reduction in sentence for certain "zero-point" offenders.  (*See generally* Mot.)  The court concludes that neither entitles Mr. Gutierrez to a reduction in his sentence.

First, Amendment 821's "status points" provision does not apply to Mr. Gutierrez.  As the Government explains, a defendant who presents seven criminal history points or more now receives just one additional 'status' criminal history point, instead of the two points that were awarded prior to Amendment 821.  (Resp. at 3); *see also Amendment 821*, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited July 26, 2024); U.S.S.G. § 4A1.1(e).  Because Mr. Gutierrez scored only five criminal history points, he received no additional "status" points at the time of sentencing and Amendment 821 therefore does not retroactively lower his criminal history category.  (*See* PSR at 14; SOR at 1.)

Second, Mr. Gutierrez does not qualify as a "zero-point offender."  Section 4C1.1(a) of the 2023 Guidelines sets out ten criteria that a defendant must satisfy in order to qualify for a zero-point offender reduction.  *See* U.S.S.G. § 4C1.1(a)(1)-(10).  Having scored five criminal history points due to three prior convictions, Mr. Gutierrez fails to meet the paramount requirement that "the defendant did not receive any criminal history

ORDER - 3

points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1). As a result, he is ineligible for a zero-point offender adjustment to his sentence.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Gutierrez's motion for a reduction in sentence (Dkt. # 977).

Dated this 29th day of July, 2024.

_____
JAMES L. ROBART
United States District Judge